DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1909.

---

**Ada Cushing et al., Appellees, v. Angelo N. Poli et al., Appellants.**

1. DRAMSHOP ACT—*when joint and several judgment appropriate.* The evidence establishing liability, there is no reason which precludes a joint and several judgment against a partnership and an individual.

2. EVIDENCE—*what not proper cross-examination.* The subject not being inquired upon on direct examination, it is improper upon cross to permit a witness to testify as to the habits of intoxication of the plaintiff prior to the injury.

3. EVIDENCE—*what essential to save question of competency.* In order to save for review the question of the competency of the evidence admitted, an objection must have been made thereto and an exception saved to the adverse ruling of the court.

4. INSTRUCTIONS—*when upon law of proximate cause properly refused.* An instruction is properly refused, which tells the jury that in order to hold a defendant charged with negligence resulting in an injury he must have foreseen the particular injury and the particular manner of its occurrence.

Trespass on the case. Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the May term, 1909. Affirmed on remittitur. Opinion filed October 25, 1909. Remittitur filed October 28, 1909.

HOGAN & WALLACE, RUFUS M. POTTS, ALFRED ADAMS and ROY A. NUTT, for appellants.

(1)

FRANK P. DRENNAN, M. J. FITZGERALD and J. A. MERRY, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit under the Dramshop Act, by Ada Cushing, the wife of Charles Cushing, and Glen, Lyle and Helen Cushing, his minor children, by Ada Cushing their next friend, against Angelo N. Poli, James Higgins, Maud Diebert, Edward Diller and E. B. Tolliver, partners doing business as Diller & Tolliver, keepers of dramshops, and Edward C. Leisy and Edward Diller, owners of buildings where certain of said dramshops were kept, to recover damages to their means of support by reason of the intoxication of Charles Cushing, caused in whole or in part by the sale or gift of intoxicating liquors to him by said dramshop keepers. The suit was dismissed as to the defendant Maud Diebert and upon a trial by jury against the other defendants there was a verdict and judgment against them for $3000.

On August 16, 1907, Charles Cushing, of the age of about 35 years, resided with his family at Blue Mound and had been engaged for some years in the employment of coal mining, tile ditching and other like work. Some time prior to the above date Cushing obtained work in a coal mine at Stonington, a distance of eight or ten miles from Blue Mound, but continued to reside at Blue Mound, going to and returning from his work at Stonington by passenger train. On the day named Cushing left Blue Mound about seven o'clock in the morning and arrived at Stonington a few minutes later where he worked in the coal mine until about two or three o'clock in the afternoon, when he received his pay. Thereafter, he frequented the saloons kept by the defendants, dramshop keepers, where he drank intoxicating liquors to such an extent that he became intoxicated and staggered and reeled upon the streets. While in such intoxicated condition he boarded the pas-

senger train which left Stonington about eight o'clock
in the evening for Blue Mound. The evidence tends
to show that Cushing in all probability rode upon the
"blind baggage" or some other part of the train not
intended for passengers. Upon the arrival of the
train in Blue Mound Cushing was found lying upon
the ground near the middle of the mail car on the oppo-
site side of the track from the depot, with his left foot
so mangled and crushed that amputation was necessary
above the ankle.

It is first urged that there can be no recovery against
the defendant Edward C. Leisy, as the owner of the
building in which the defendant Angelo N. Poli con-
ducted a dramshop, because there is no evidence in the
record tending to show that said Leisy rented said
premises to be occupied as a dramshop with knowledge
that intoxicating liquors were to be sold therein or
that he knowingly permitted intoxicating liquors to be
sold there. Counsel for defendants are in error re-
specting the evidence upon that question. Proof was
made by the plaintiff of the ownership by Leisy of the
building in which the defendant Poli conducted a dram-
shop. It further appears from the evidence that the
defendant Leisy was the secretary of the Leisy Brew-
ing Company and that Poli paid the rent for said
building to one Reeling, who was the agent of said
Leisy Brewing Company. We think proof of these
facts was sufficient to warrant a finding against the
defendant Leisy.

It is next urged that there can be no recovery against
the defendant Edward Diller, individually, as owner of
the building in which the firm of Diller & Tolliver
conducted a dramshop. It is not now necessary to de-
termine whether if a recovery was sought against Dil-
ler, individually, as a keeper of a dramshop, a recovery
could also be had against him as the owner of the
building in which such dramshop was conducted. The
defendant co-partnership of Diller & Tolliver, who
conducted the dramshop, is a separate and distinct en-

tity from the defendant Diller, individually, and no reason exists why a recovery may not be had against such co-partnership and the defendant Diller jointly and severally. The trial court therefore committed no error in refusing to direct a verdict as to the defendants Leisy and Diller.

Complaint is made of the refusal of the court to permit the witness Moreton to testify upon his cross-examination as to the habits of intoxication of Cushing prior to his injury. Such inquiry was not proper cross-examination of the witness and there was no error in the ruling.

It is uged that the plaintiff Ada Cushing was improperly permitted to testify that she supported the family after her husband was injured and that she occasionally borrowed money from different parties for her support. No objection or exception was made to this line of examination and the competency of such evidence is not properly before us for determination.

The objection to the first instruction given at the instance of the plaintiffs is purely hypercritical. The insistence that the injury to Charles Cushing is not permanent and does not tend to diminish his earning capacity is palpably fallacious. As one of the series of instructions given in the case the instruction was neither erroneous nor misleading. The third instruction tendered by defendants and refused by the court was properly refused because it limits the issue of proximate cause to the fact that Cushing chose to ride upon the train at the "blind baggage" or at some place other than in the passenger coach. The evidence tends to show that Cushing was injured because of his inability, by reason of his intoxication, to properly alight from the train when it arrived at Blue Mound. The fourth instruction offered by defendants was properly refused. It is not the law of proximate cause in such cases that in order to hold a defendant liable he must have foreseen the particular injury and the particular manner of its occurrence. The fifth and sixth in-

structions tendered by the defendants and refused by the court were sufficiently covered by the fifteenth and sixteenth instructions given at the instance of the defendants.

The only other question in the case which we deem it necessary to consider relates to the amount of the verdict and judgment. The evidence discloses that Cushing was prevented by his injury from engaging in any employment for a period of about seven months or until March, 1908, since which time he has worked as a tile ditcher and coal miner almost continuously, but has lacked the ability, by reason of his injury, to work as efficiently or at such hard labor as formerly; that his earnings since his injury have not been appreciably less than they were prior to his injury; that both before and since his injury he was frequently intoxicated; that his habit in that respect interfered with his ability and disposition to work and that he spent a considerable portion of his earnings, which should have gone towards the support of his family, for intoxicating liquors. We are fully persuaded that in fixing the amount of their verdict at $3000, the jury must have been influenced in part by considerations which affected Cushing solely, such as the character and permanency of his injury and the pain and suffering necessarily incident thereto. Eliminating these improper elements we think that under the evidence the sum of $1500 is ample compensation to the plaintiffs for the injury suffered by them in their means of support. If within twenty days plaintiffs will remit $1500 from the judgment the same will be affirmed for that amount, otherwise the judgment will be reversed and the cause remanded.

*Affirmed upon remittitur.*

*Remittitur* filed and judgment affirmed October 25, 1909.